UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VANESSA FERRANTO,<br><br>        Plaintiff,<br><br>v.<br><br>GENESYS CLOUD SERVICES, INC.,<br>ELCENORA MARTINEZ, and<br>CHARLES QUINCY,<br><br>        Defendants. | C.A. No. 25-cv-12462 |

## NOTICE OF REMOVAL

Defendants Genesys Cloud Services, Inc. ("Genesys") and Elcenora Martinez (together, the "Removing Defendants"), by their undersigned attorney, hereby give notice of the removal of this action to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## NATURE OF THE ACTION

1. On or about June 20, 2025, Plaintiff Vanessa Ferranto ("Ms. Ferranto" or "Plaintiff"), a citizen of the Commonwealth of Massachusetts, filed a lawsuit in Middlesex County Superior Court titled *Ferranto v. Genesys Cloud Services, Inc., et al.,* No. 25CV1531. *See* **Exhibits 1 and 2**.[1]

2. In her complaint, Ms. Ferranto asserted claims for gender/pregnancy discrimination, retaliation, and violation of the public policy exception to the at-will employment

---

[1] Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon the Removing Defendants, which papers include the Plaintiff's Complaint ("Compl."), are attached hereto as **Exhibits 1 and 2**.

doctrine against all defendants and claims for aiding, abetting, inciting or compelling harassment against the individual defendants, Ms. Elcenora Martinez and Mr. Charles Quincy. Plaintiff has yet to serve Mr. Quincy with the summons and complaint.

3.     Ms. Ferranto claims that she was discriminated against based on her gender and pregnancy and retaliated against by the defendants, which culminated in the termination of her employment at Genesys, in violation of Massachusetts General Law Chapter 151B. Compl. at ¶¶ 66-89. Plaintiff has further alleged that the individual defendants, Ms. Martinez and Mr. Quincy, contributed to Plaintiff's injuries by failing to act in violation of their obligation and authority to do so. *Id*. at ¶¶ 90-101. Finally, Plaintiff also alleged that she was terminated for filing a formal response to her performance improvement plan in violation of the public policy exception to at-will employment doctrine. *Id*. at ¶¶ 102-112.

4.     As set forth more fully below, this case is properly removed pursuant to 28 U.S.C. § 1441, because the Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 and the Removing Defendants have satisfied the procedural requirements for removal.

**I.     REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT-MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441**

5.     Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6.     Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a).

7. The Court has subject-matter jurisdiction over the instant case pursuant to 28 U.S.C. §§ 1332 and 1441 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

**A.   The Parties Are Diverse**

8. Plaintiff alleges that she resides at 24 Indian Tree Landing Lane, Reading, Massachusetts. Compl. at ¶ 1. Accordingly, she is a citizen of the Commonwealth of Massachusetts.

9. Ms. Martinez, an individually named defendant, is a citizen of the Commonwealth of Virginia.

10. Mr. Quincy, an individually named defendant, is a citizen of the State of North Carolina.

11. A corporation can only have one principal place of business. *See Rautenstrauch v. Stern/Leach Co.*, No. CIV.A. 03-10723-DPW, 2004 WL 42573, at *4 n.3 (D. Mass. Jan. 8, 2004) ("A company may be 'located' in many states, but only has one principal place of business.").

12. Genesys is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of California with its principal place of business and headquarters in Menlo Park, California.[2] More than eighty (80) employees work out of the Genesys office in Menlo Park, including the Chief Executive Officer of Genesys. Genesys is therefore a citizen of the State of California for purposes of determining diversity jurisdiction. 28 U.S.C. § 1332(c)(1).[3]

---

[2] The Plaintiff's Complaint also alleges that the principal place of business for Genesys is located in Menlo Park, California. Compl. at ¶ 2.

[3] In 2021, Genesys acquired a company with an office in Boston, Massachusetts. Currently, only twelve (12) employees work out of this location and none hold executive management positions.

*(cont'd)*

13. Thus, Plaintiff is diverse from all defendants.

14. Accordingly, there is complete diversity of citizenship between plaintiff and the Removing Defendants and thus, removal is proper. 28 U.S.C. §§ 1332(a), 1441(a).

B. **The Amount In Controversy Exceeds $75,000**

15. The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because, upon information and belief, the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

16. In determining whether a complaint meets the amount in controversy threshold of 28 U.S.C. § 1332(a), a court should consider the aggregate value of a plaintiff's claims for damages. See, e.g., *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 241 (1943) (amount in controversy requirement met if plaintiff "might recover," *inter alia*, award of actual and punitive damages in excess of amount in controversy requirement).

17. Plaintiff in this action claims that she "has suffered economic damages including both front and back pay, emotional distress, out of pocket expenses and attorney's fees" (*see* Compl. ¶ 80), as well as that she is "further entitled to punitive damages because of the Defendants' conduct" (*see id*. at ¶ 81). *See Barbuto v. Advantage Sales & Mktg., LLC*, 148 F. Supp. 3d 145, 148 (D. Mass. 2015) (considering emotional distress damages when calculating amount in controversy); *Spielman v. Genzyme Corp.*, 193 F.R.D. 19, 21 (D. Mass. 2000) (noting that attorneys' fees can be included in the amount-in-controversy determination when a statute permits recovery of attorneys' fees). Plaintiff also indicates she is seeking "treble such amount as provided in M.G.L. c. 151B § 9." *See* Compl. at Prayer for Relief paragraph, p. 13.

18. Moreover, the Plaintiff's civil action cover sheet submitted in connection with the Complaint indicates that Plaintiff is seeking $700,000.00 in damages including, in part, lost wages. **Exhibit 1 at 4, Exhibit 2 at 4**.

19. Thus, the substantive allegations of Plaintiff's Complaint, combined with Plaintiff's express request for damages of $700,000.00, demonstrate that the amount in controversy exceeds $75,000, exclusive of interest and costs.[4]

## II. REMOVING DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

20. Genesys was served with Plaintiff's Complaint on August 6, 2025. Ms. Martinez was served on August 12, 2025. Mr. Quincy has not yet been served with Plaintiff's Complaint. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

21. The Middlesex County Superior Court is located within the United States District Court for the District of Massachusetts. *See* 28 U.S.C. §§ 101; 1441(a).

22. No defendant is a citizen of the Commonwealth of Massachusetts where this action was brought. *See* 28 U.S.C. § 1441(b).

23. No previous application has been made for the relief requested herein.

24. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Paintiff and a copy is being filed with the Clerk of the Superior Court of Middlesex County.

---

[4] In providing an assessment of Plaintiff's claims for purposes of establishing diversity jurisdiction, the Removing Defendants make no concession of liability and no concession that Plaintiff is owed any damages. *Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal."). The Removing Defendants dispute that Plaintiff is entitled to any recovery in this matter and dispute Plaintiff's allegations regarding any alleged violations.

25. WHEREFORE, Removing Defendants respectfully remove this action from the Superior Court of Middlesex County in the Commonwealth of Massachusetts bearing Case Number 25CV1531 to this Court.

*/s/ Alison C. Casey*
Alison Casey (BBO No. 688253)
BARNES & THORNBURG LLP
One Marina Park Dr., Suite 1530
Boston, MA 02210
(617) 316-5316
acasey@btlaw.com

*Attorney for Defendants*
*Genesys Cloud Services, Inc. and*
*Elcenora Martinez*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document, filed through the ECF system, will be sent electronically to the registered participants of record as defined in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 5, 2025.

*/s/ Alison C. Casey*
Alison Casey